UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RENAN LIMA ALVES,<br><br>Petitioner,<br>v.<br><br>TODD BLANCHE, et al.,<br><br>Respondents. | Case No. 2:26-cv-01853-ART-BNW<br><br>ORDER ADDRESSING POST-RELEASE STATUS REPORTS<br>(ECF Nos. 25, 26) |

On October 23, 2026, the Court issued an order granting Petitioner Renan Lima Alves's amended habeas petition, instructing Respondents to release Petitioner on October 26, 2026, and ordering a joint status report by November 2, 2026, to certify compliance with the order. (ECF No. 24.)

Petitioner timely filed a status report informing the Court that although he was released, Respondents subjected him to numerous conditions. (ECF No. 26.)

Respondents filed their own status report the same day stating that the imposition of release conditions premised on Form I-220A are "standard requirements" and not prohibited by the October 23 order. (ECF No. 25.)

## I. DISCUSSION

"There [is] no question that courts have inherent power to enforce compliance with their lawful orders[.]" *Shillitani v. United States*, 384 U.S. 364, 370 (1966); *see also United States v. Yacoubian*, 24 F.3d 1, 5 (9th Cir. 1994) (discussing this enforcement power in the immigration context). Exercising this jurisdiction, the Court concludes that the release conditions imposed on Petitioner are unlawful.

The October 26 order granted Petitioner habeas relief and thus ordered

Respondents to release Petitioner from detention. (ECF No. 24.) By granting habeas relief, the Court effectively restored Petitioner to the status quo preceding his March 2026 ICE detention.[1] *Herrera Cordova v. Blanche*, No. 5:26-cv-05266-KES, 2026 WL 2861605, at *8 (C.D. Cal. Sept. 23, 2026) ("Releasing Petitioner . . . restores the status quo that was in effect before Respondents violated Petitioner's due process rights."); *Semere v. Casey*, No. 3:26-cv-03073-LEK-DDL, 2026 WL 1480805, at *3 (S.D. Cal. May 27, 2026) (ordering the petitioner "immediately release[d] . . . from custody under the same conditions which existed immediately prior to [his unlawful] detention"); *cf. Campbell v. Warden Adelanto ICE Processing Ctr.*, No. EDCV 26-02397-KK-MARx, 2026 WL 2138168, at *3 (C.D. Cal. June 29, 2026) (finding that the government could not unilaterally impose conditions to which Petitioner had not previously been subjected).

Courts have recognized that the government cannot impose additional release conditions that substantially interfere with a petitioner's liberty "without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing." *Monroy-Castillo v. Blanche*, No. 2:26-cv-02502-RFB-EJY, 2026 WL 2546996, at *6 (D. Nev. Aug. 28, 2026); *Cruz Perez v. Blanche*, No. 2:26-cv-00315-RFB-DJA, ECF No. 31, at 10-11 (D. Nev. May 15, 2026) (explaining that ICE and/or DHS cannot unilaterally impose their own release conditions without adequate process). It appears from the record that Petitioner was denied bond in immigration court and thus not subject to any release conditions. New conditions, such as those indicated by the Form I-220A provided by Respondents, (ECF No. 25-2), cannot be imposed without adequate process.

Petitioner is thus entitled to "the traditional [habeas] remedy of 'unconditional release from custody.'" *Cruz Perez v. Blanche*, No. 2:26-cv-00315-

[1] This Order has no bearing on Petitioner's ongoing removal proceedings.

RFB-DJA, ECF No. 31, at 5 (D. Nev. May 15, 2026) (quoting *Harvest v. Castro*, 531 F.3d 737, 741 (9th Cir. 2008)). Moreover, "[t]o ensure that Petitioner's release pursuant to the Court's [October 26] order is not 'rendered meaningless,' it is necessary to enjoin the government from simply re-detaining Petitioner in the same manner," without the due process to which he is entitled. *Alva Alva v. Kaiser*, No. 25-cv-06676-RFL, 2026 WL 1910135, at *2 (N.D. Cal. July 2, 2026) (quoting *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 321 (E.D.N.Y. Nov. 28, 2025)); *Monroy-Castillo*, 2026 WL 2546996, at *6 (requiring a pre-deprivation hearing before substantially interfering with the petitioner's liberty through re-detention or the imposition of release conditions).

## II. CONCLUSION

It is therefore ORDERED that Respondents must IMMEDIATELY REMOVE all restraints imposed on Petitioner's liberty at the time of his October 26 release, with the exception that Petitioner is required to appear for any future hearings scheduled in his removal proceedings.

It is further ORDERED that Respondents are PROHIBITED from imposing additional release conditions that substantially interfere with Petitioner's liberty, such as those specified by the Form I-220A, without having established the reasonableness of those restrictions by clear and convincing evidence at a pre-deprivation hearing.

It is further ORDERED that Respondents must present a physical copy of this Court's order to the Las Vegas ICE Office.

It is further ORDERED that the parties shall file a joint notice of compliance with this Order by November 12, 2026.

//

//

//

//

Dated this 5th day of November, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE